60

HELMS ET AL ., APPELLEES, *v.* JAMES DICKEY POST NO. 23, AMERICAN LEGION, INC., APPELLANT. (TWO cases.)

[Cite as Helms v. American Legion, Inc., 5 Ohio St. 2d 60.]

(Nos. 39372 and 39373—Decided January 19, 1966.)

62

 

*Messrs. Wilson, Wilson & Wilson* and *Mr. Ronald E. Mc-Cowen,* for appellees.

*Messrs. Bannon, Howland, McCurdy & Dever* and *Mr. William L. Howland,* for appellant.

ZIMMERMAN, J. The subject of these appeals has been adequately discussed and treated pro and con in the relatively recent cases of *Smith, Admr., v. United Properties, Inc.,* and *Schilliger* v. *Graceland Shoppers Mart, Inc.,* 2 Ohio St. 2d 310, 209 N. E. 2d 142, and further amplification would be superfluous. A majority of this court as now constituted with its regular complement of judges agrees with the dissenting opinion in the *Smith* and *Schilliger cases* to the effect that no liability rests on the owner or occupier of private premises for minor imperfections therein (here almost minimal in extent), which are commonly encountered and are to be expected and which are not unreasonably dangerous, representing "trivial departures from perfection." Otherwise, such owner or occupier would be placed in the position of an insurer, and the law does not go that far.

Judge Herbert's dissenting opinion contains an eloquent plea for the right of trial by jury, but such right may be and often has been denied where it is manifest from the pleadings or otherwise that no jury question is presented. Neither public interest nor the right of either party is promoted by placing a contest before a jury where nothing is involved but the application of the law to a state of facts conclusively established. *Cincinnati Gas & Electric Co.* v. *Archdeacon, Admr.,* 80 Ohio St. 27, 88 N. E. 125. And as Judge Stephenson remarked in the case of *J. C. Penney Co.* v. *Robison,* 128 Ohio St. 626, 634, 193 N. E. 401, 404:

"We agree that the right of trial by jury is guaranteed to all citizens by the Constitution of Ohio, and it cannot be invaded or violated by legislative act or judicial decree; but all this does not mean that all cases, regardless of evidentiary aspect, must be submitted to a jury. Under our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as it is to deny to a citizen his trial by jury when he has the right."

As a majority of this court now views the matter, the position taken by a majority of the court in the *Smith* and *Schilliger cases* represents a distinct departure from the position theretofore adopted and followed by this court relative to slight imperfections in areas traversed by pedestrians, as set forth by Judge Middleton in *Kimball* v. *City of Cincinnati, supra*, as follows:

"It is the judgment of this court that the condition of the sidewalk here under consideration must be considered a slight defect which, *as a matter of law, did not form a basis of a charge of negligence* on the part of the city. Consequently, there was no question of fact to be submitted to the jury. * * *" (Emphasis supplied.)

Other cases decided subsequent to the *Kimball case* are in accord. See *O'Brien* v. *City of Toledo*, 167 Ohio St. 35, 146 N. E. 2d 122; *Gallagher* v. *City of Toledo*, 168 Ohio St. 508, 156 N. E. 2d 466; and *Kindle* v. *City of Akron, supra* (169 Ohio St. 373, 159 N. E. 2d 764).

The judgments of the Court of Appeals are reversed and those of the Court of Common Pleas are affirmed, and the *Smith* and *Schilliger cases, supra*, are overruled, except the syllabus thereof. We do not disapprove or disturb the syllabus because we recognize that there may be instances of defective surfaces used by pedestrians or vehicles to which that syllabus could well be applicable.

*Judgments reversed.*

TAFT, C. J., MATTHIAS and O'NEILL, JJ., concur.
HERBERT, SCHNEIDER and BROWN, JJ., dissent.

HERBERT, J., dissenting. There appears to be some confusion in the majority opinion, at least to me, which should be clarified. In June of 1965, this court decided in one opinion the cases of *Smith, Admr.,* v. *United Properties, Inc.,* and *Schilliger* v. *Graceland Shoppers Mart, Inc.*, 2 Ohio St. 2d 310, wherein it was held, in substance, that an owner of a shopping center owes the common-law duty of care to a business invitee. The third paragraph of the syllabus reads:

"All the attendant circumstances must be considered in

order to determine whether a sidewalk in a shopping center is reasonably safe for the use of invitees and *such determination does not depend solely upon the matter of variation in the height of adjacent blocks* [of concrete] in such sidewalk.'' (Emphasis added.)

In the case at bar, the majority (four to three), in the syllabus, among other statements, says that the *Smith* and *Schilliger cases, supra,* are overruled, *except the syllabus thereof.*

The trial court sustained a demurrer to the petition, in the case at bar, solely upon the existence of an irregular shaped hole about one and one-quarter inches in diameter and one-half inch deep in which Mrs. Helms' shoe heel caught, and she fell. Other allegations in the petition were ignored. The majority here affirms the judgment of the trial court.

The trial court relied solely upon the rule of law relative to sidewalks of a municipality over which the General Assembly gave control in Section 723.01 of the Revised Code. The only cases cited in the trial court, and, apparently, the only authority relied upon by it were *Kimball* v. *City of Cincinnati,* 160 Ohio St. 370, *Buckley* v. *City of Portsmouth,* 168 Ohio St. 513, *Amos* v. *City of Cleveland Heights,* 169 Ohio St. 367, and *Kindle* v. *City of Akron,* 169 Ohio St. 373. *Those cases were decided solely and only upon projections rising above the street level from one and one-half to two inches* and did not involve the duty of care owed by the owner of a private building to his invitees. In the *Buckley case,* it was a manhole that projected two inches above the adjacent sidewalk. In the remainder of the cases, there was a variation in height between adjacent blocks of concrete up to two inches.

In the case at bar, the trial court did not submit to a jury questions of fact arising from all the circumstances and conditions surrounding the accident and fall of Mrs. Helms but sustained the demurrer solely upon the ground of the existence of a hole in the concrete step.

The majority affirms the judgment of the trial court but at the same time approves the syllabus in the *Smith* and *Schilliger cases,* which specifically requires that ''all the attendant circumstances must be considered * * * and such determination does

not depend solely upon the matter of variation in the height of adjacent blocks in such sidewalk.''

The majority opinion ''agrees'' with the dissenting opinion in the *Smith* and *Schilliger cases*. In that opinion, the following rule is set out at page 316:

''In order to recover from the occupier of premises for personal injuries sustained in a fall claimed to have been caused by the condition of those premises, a business invitee must allege and prove that the fall was proximately caused by some *unreasonably dangerous condition of the premises.*'' (Emphasis added.)

However, that rule is limited by a quotation from the authority from which it originates. The following quotation from 2 Harper and James on Torts 1489 *et seq.*, Section 27.13, is found in the same opinion:

'' '* * * The ordinary person can use or encounter all of these things [dangers] safely *if he is fully aware of their presence at the time*. And if they have no unusual features and are in a place where he would naturally look for them, he may be expected to take care of himself if they are *plainly visible.*' '' (Emphasis added.)

It seems to follow that an *unreasonably dangerous* condition must first be ''plainly visible'' to the invitees.

In the same opinion it is said:

''The question as to whether the condition of the premises complained of is an unreasonably dangerous condition is usually *a question of fact for determination by the jury or other trier of the facts.*'' (Emphasis added.)

The cases here under consideration were not unusual in any respect and, under the rule approved by the present majority, should have been submitted to a jury.

The majority opinion refers to defects in sidewalks as being ''trivial departures from perfection.'' The great number of people on crowded sidewalks in huge shopping centers who have tripped and fallen over defects in sidewalks where the height of one block of concrete is two inches above the adjoining block and the great number of persons certain to be injured in the future will not look upon such dangerous conditions as being either ''trivial'' or ''minor.''

If the third paragraph of the syllabus in the *Smith* and *Schilliger cases*, approved by every member of this court, is applied conscientiously by trial courts, and the trial courts submit to a jury for its consideration not only the defect but also the circumstances and conditions there existing, then the confusion that has been manifest in these sidewalk cases may be largely eliminated. If each case is determined upon its own merits and not upon a judicial fiction, realism and not theory will control.

In *Kintz* v. *Harriger*, 99 Ohio St. 240, at page 245, Judge Wanamaker, speaking for the court, said:

"This primary and precious right solemnly proclaimed in holy writ, in the lives and literature of our own people, in our constitutions and bills of rights, is too sacred a thing to be denied or destroyed by a mere 'thus saith the court.' "

At page 247, in the opinion, Judge Wanamaker continues:

"Manifestly, when the Constitution of the state declares and defines certain public policies, such public policies must be paramount, though a score of statutes conflict and a multitude of judicial decisions be to the contrary."

And again, at page 247, it is said that "no court, however sacred or powerful, has the right to declare any public policy that clearly contravenes or nullifies the rights declared in the Constitution."

We need go no further to find confusion, than in the case at bar, and the *Smith* and *Schilliger cases*. In the case at bar the trial court sustained a demurrer to the petition, thereby eliminating any consideration of the surrounding conditions and circumstances. The Court of Appeals reversed the judgment of the trial court. The Supreme Court, by a majority of four to three, reverses the judgment of the Court of Appeals.

In the *Smith* and *Schilliger cases*, two persons were seriously injured, and the death of one, Nancy Smith, was hastened by her injuries resulting from a defective sidewalk in front of the stores in shopping centers.

The trial court sustained a demurrer, being another instance where the consideration of surrounding circumstances and conditions was avoided. The Court of Appeals (three judges) reversed the judgment of the trial court. Last June,

this court by a vote of four to three affirmed the judgment of the Court of Appeals.

In the decision here, a majority of four to three reverses the judgment of the Court of Appeals, overrules its own judgment of last June but approves the syllabus.

This growth of confusion has been accompanied by a steady erosion of the functions of the jury system. The doors of our courts have been closed to ever increasing numbers of worthy citizens having meritorious causes of action.

Section 16, Article I of the Ohio Constitution, provides that "all courts shall be open, and every person, for an injury done him in his * * * person * * *, shall have remedy by due course of law * * *."

Arbitrary judicial pronouncements that declare substantial questions of fact to be questions of law are a growing menace to those institutions of freedom so eloquently described by the late Judge Wanamaker.

The judgment of the Court of Appeals should be affirmed.

BROWN, J., dissenting. The idea that a trial court may decide on the basis of a physical measurement that a defect in walks or stairways is not actionable appears to be unique to Ohio law. Such a holding with reference to a difference in elevation between adjacent parts of a municipal sidewalk is found in *Harris* v. *City of Detroit* (1962), 367 Mich. 526, 117 N. W. 2d 32, where a defendant's motion to dismiss plaintiff's action for damages for injuries received in a fall caused by a one-inch depression in a city sidewalk was sustained on the mathematical rule of law that any defect two inches or less, no matter what the circumstances, was not actionable. Three justices dissented forcefully in the *Harris case.* The following editorial comment upon that decision appeared thereafter in 30 University of Pittsburgh Law Review, 665, 667:

"The *Harris* decision states that in the future plaintiffs will not be permitted to introduce evidence if their pleading shows that the defect complained of is less than two inches in depth. Whereas all decisions [in Michigan] prior to *Harris* affirmed the use of the directed verdict or the ruling *non obstante veredicto*—meaning that after the plaintiff had pre-

sented evidence the court could then sanction no finding of negligence—the *Harris* rule denies the complainant the right to present his case. Such a rule is indefensibly arbitrary."

The significant development in Ohio case law on this point first appeared in *Kimball* v. *City of Cincinnati*, 160 Ohio St. 370; and proceeded in *O'Brien* v. *City of Toledo*, 167 Ohio St. 35; *Griffin* v. *City of Cincinnati*, 162 Ohio St. 232; and *Gallagher* v. *City of Toledo*, 168 Ohio St. 508.

None of those cases and none of the cases decided in the majority opinion were decided upon demurrer. With the exception of the *Griffin case*, all involved appellate review of the trial court's refusal to direct a verdict at the close of all the evidence, and hence were merely an application of existing rules which permit the trial court at the close of all the evidence to direct a verdict for the defendant if it is of the opinion that reasonable minds can come to but one conclusion and that conclusion is that negligence did not exist or that under all the circumstances the sidewalk was reasonably safe.

Subsequent to the *Kimball case*, the following comment appeared in 30 Cincinnati Law Review 539, suggesting that it is improper to arrive at a mechanical determination of negligence even at the close of the evidence. We quote from that article, at page 542:

"In Ohio the Supreme Court purports to review these cases on the basis that they involve a question of public or great general interest. Since the nature of the defect, its location and surrounding circumstances, all of which bear upon the question of the danger presented, vary from case to case, and since *it is obviously* impractical for the Supreme Court to lay down guiding principles which will enable trial judges to distinguish as a matter of law between substantial and insubstantial defects, it is submitted that the distinction is initially one which the trial judge should make in his discretion in ruling on a motion for a directed verdict."

This is a law student speaking, but a substantial number of courts have agreed.

The Supreme Court of Iowa rejected the artificial mechanical application of the yardstick in determining negligence in *Beach* v. *City of Des Moines*, 238 Iowa 312, 26 N. W. 2d 81.

Colorado called the imposition of such standards, "basically wrong in so far as they determine negligence solely by inches," "improper and error" and "an absurd situation," and refused to subscribe thereto. *Parker* v. *City and County of Denver*, 128 Colo. 355, 262 P. 2d 553.

In *Ray* v. *Salt Lake City*, 92 Utah 412, 69 P. 2d 256, the Utah court said it must be obvious that "the courts cannot arbitrarily determine that maintenance of a particular defect * * * does or does not constitute negligence."

It is more significant that the Court of Appeals of New York, which once permitted courts, under so-called "four-inch rule," to determine when a particular defect could be dismissed as insubstantial, returned such determinations to the jury in 1948. *Loughran* v. *City of New York*, 298 N. Y. 320, 83 N. E. 2d 136.

Recently this court, differently constituted due to the substitution of a visiting Court of Appeals judge sitting in place of a member of this court, refused to extend the rule of the *Kimball case* to sidewalks other than those of a municipality. *Smith* v. *United Properties, Inc.*, 2 Ohio St. 2d 310.

In summary, the present minority of this court would continue to apply the *Kimball* rule in cases involving city sidewalks in situations in which there are no extraordinary circumstances. The minority, however, is of the opinion that a demurrer cannot be sustained to a petition charging negligence on the sole ground that the defect as measured is not a substantial defect.

SCHNEIDER, J., concurs in the foregoing dissenting opinion.