**Berg v. Consun Foods Industry**
*[Cite as 2 AOA 488]*

*Case No. 89CA004686*
*Lorain County, (9th)*
*Decided April 18, 1990*

*William T. Wuliger and Steven D. Jones, Attorneys at Law, 1340 Sumner Ct., Cleveland, OH 44115 for Plaintiff.*

*William A. Walker, Attorney at Law, 925 Euclid Ave., Suite 618, Cleveland, OH 44115 for Defendants.*

CIRIGLIANO, J.

Appellant Daniel Berg fell in the parking lot of a Convenient Food Mart Store. Appellant filed suit against appellees Consun Food Industry Inc., dba Convenient Food Mart Store and Susan and James Spicer, Inc., alleging that the appellees' failure to properly maintain or repair the parking lot on the premises proximately caused his fall and injuries.

The trial court denied appellant's motion for partial summary judgment and granted appellees' summary judgment motion. In its finding that summary judgment was appropriate, the trial court stated:

"***.

"The duty of an owner/operator of a business premises is the duty to exercise ordinary care and to maintain the premises in a safe condition. *Light v. Ohio University* (1986), 28 Ohio St. 3d 66, 68.

"In order to survive a motion for summary judgment, a plaintiff must set forth some set of facts which would support his claim that the owner/operator has breached said duty. In the present case, nowhere has Plaintiff put forth any credible evidence that Defendants breached a duty to exercise ordinary care in the maintenance of the parking lot.

"During his deposition on June 19, 1987, Plaintiff was subjected to intense questioning by defense counsel concerning the events leading up to and including his alleged injury. At that time, Plaintiff did not remember what had caused him to stumble. However, it is amazing to note that after Defendants' Motion for Summary Judgment was filed, Plaintiff miraculously puts forth a totally different set of facts on August 16, 1988 in his affidavit attached to his Response to Defendants' Motion for Summary Judgment. Suddenly Plaintiff is able to recall that his fall was caused by a pothole and is able to describe said pothole with great specificity.

"Because the statements made by Plaintiff in his deposition and his affidavit are blatantly conflicting, Plaintiff has set forth no credible evidence which would support a finding that Defendants were negligent in the maintenance of the parking lot or that the parking lot was unreasonably dangerous.

"Even if Plaintiff's affidavit is to be taken as true, an owner/operator of a business need not warn of minor or trivial defects in the surface of the ground 'which are not unreasonably dangerous and which are commonly encountered and to be expected.' *Helms v. American Legion* (1966), 5 Ohio St. 2d 60 at syllabus. In this case, the incident took place in a parking lot which reasonably could be expected to contain some defects. In addition, the incident occurred during daylight hours; Plaintiff could have reasonably discerned any defects in the parking lot avoided any injury."

On appeal, appellant assigns four errors. Because they are interrelated, we address the assignments of error together.

## ASSIGNMENTS OF ERROR

"I. The trial court committed reversible error in basing its summary judgment upon the credibility of appellant's evidence.

"II. The trial court committed reversible error in granting summary judgment, where the evidence revealed genuine disputes as to material facts.

"III. The trial court committed reversible error in granting appellees' motion for summary judgment upon a finding that the defect on appellees' property was trivial and reasonably discernible as a matter of law.

"IV. The trial court committed reversible error in shifting the burden of proof to appellant, where appellees has failed to meet their burden with respect to the propriety of summary judgment."

In his first assignment, appellant contends that the trial court erroneously based its decision to grant appellees' motion for summary

judgment on its resolution of the ambiguities and conflicts in the evidence:

"***.

"Civ. R. (56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

"***."

The trial court found that the appellant presented "blatantly conflicting" evidence and "no credible evidence". It is not, however, within the province of the trial court to judge the credibility of the witnesses in resolving a motion for summary judgment. *Killilea* v. *Sears, Roebuck & Co.* (1985), 27 Ohio App. 3d 163, 167. If this was the sole basis for the trial court's decision and if credibility of the witness is critical to the determination that there remains no genuine issue of material fact to be litigated, then granting the motion for summary judgment would be reversible error. See, *Id.* at 168.

The trial court also based its opinion on its finding that the defect in the parking lot was minor or trivial, that it was day light and "plaintiff could have reasonably discerned any defects in the parking lot and avoided any injury."

Appellant argues that he has raised the issue that the defect was not minor and in viewing the evidence and inferences most favorably for the appellant summary judgment was inappropriate. Appellant also argues that the appellees not only failed to meet their burden of proof, but that the trial court improperly allocated the burdens of proof.

The evidence establishes that appellant left the store with his young daughter, that he was concerned with her safety in the parking lot and was thus watching her as opposed to looking for any defects the pavement. Appellant indicated he tripped on something, fell and cut himself. Because of his daughter's presence and the profuse bleeding from his cut, appellant immediately left. In an affidavit filed after the deposition and attached to the motion in opposition to summary judgment, appellant stated that he caught his foot in a hole over two inches deep and approximately ten inches in diameter which was similar in color to the surrounding blacktop.

The appellees submitted a deposition wherein defendant-appellee Susan Spicer indicated that the parking lot was resurfaced within days of the injury, that it was in pretty bad shape before resurfacing but financial concerns delayed the project and that the employees usually swept the parking lot when they had a chance but that she had not recently seen the employees sweep.

In determining whether defect is trivial and whether appellee's are entitled to judgment as a matter of law, we must view the circumstances and evidence in a light most favorable to appellant. See *Cash* v. *Cincinnati* (1981), 66 Ohio St. 2d 319, 324. Here the circumstances required appellant to watch his young daughter. Naturally, he was more concerned for her safety than about holes in the parking lot. There is evidence that the parking lot was in need of repaving and in fact was repaved shortly after appellant fell. The credibility of appellant's affidavit wherein he specified the size of the hole is not for us to judge.

Viewing the evidence most strongly in favor of appellant, we must find that summary judgment was inappropriate. Accordingly, we sustain appellant's four assignments of error insofar as is consistent with this opinion. We reverse and remand.

*Judgment reversed, and cause remanded.*

BAIRD, P. J.
CACIOPPO, J.
Concur