This case came on for hearing upon the accelerated calendar of our court pursuant to App.R. 11.1 and Loc.R. 25, the record from the common pleas court, and the briefs of counsel.
Margaret Lanier appeals from a decision of the common pleas court granting summary judgment in favor of University Suburban Health Center in connection with injuries she sustained when she tripped and fell in a parking lot while helping her friend, Francis Ravis to walk to the office. She urges the court erred because she established genuine issues of material fact exist as to whether the defect in the lot constituted an open and obvious defect. After careful consideration of the facts in this case and the applicable law, we conclude that the imperfection in the parking lot where Lanier tripped and fell is a minor or trivial defect and, therefore, affirm the judgment of the trial court.
The record before us reveals that shortly before 4 p.m. on the afternoon of July 6, 1995, Lanier accompanied her friend, Francis Ravitz, and Michelle Tate, Ravitz's daughter, to the University Suburban Health Center, located at 1611 South Green Road in Cleveland, for Ravitz's appointment at the center. After parking in the lot, Lanier got out of the car, and walked toward the building, assisting Ravitz because of her failing health. While traversing the lot, Lanier tripped, fell forward, and injured both legs.
On July 7, 1997, Lanier filed a complaint against University Suburban Health Center and University Hospitals of Cleveland, alleging negligence arising out of the defect in the parking lot pavement. Lanier dismissed University Hospitals from the case, and University Suburban filed a motion for summary judgment, which the court granted. Lanier now appeals from that judgment and presents the following assignment of error for our review:
 THE LOWER COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.
Lanier contends the court erred in granting summary judgment because genuine issues of material fact exist as to University Suburban's negligence. University Suburban argues the court correctly granted summary judgment.
 In this regard, we recognize that Civ.R. 56 provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Regarding premises liability, the court stated in its syllabus in Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60
:
 The owners or occupiers of private premises are not insurers of the safety of pedestrians traversing those premises, and minor or trivial imperfections therein, which are not unreasonably dangerous and which are commonly encountered and to be expected, as a matter of law do not create liability on the part of such owners or occupiers toward a pedestrian who, on account of such minor imperfection, falls and is injured. (Citations omitted.)
 Further, in Backus v. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155, the court stated at page 157 in its opinion:
 Municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways. Kimball v. Cincinnati (1953), 160 Ohio St. 370, 52 O.O. 237, 116 N.E.2d 708; Gallagher v. Toledo (1959), 168 Ohio St. 508. 7 O.O.2d 364, 156 N.E.2d 466; Helms v. Am. Legion, Inc. (1966), 5 Ohio St.2d 60, 34 O.O.2d 124, 213 N.E.2d 734.
Finally, the court stated in paragraph two of its syllabus inJeswald v. Hutt (1968), 15 Ohio St.2d 224:
 Generally, no liability exists for minor imperfections in the surface of such a parking area — those slight irregularities reasonably to be anticipated in any traveled surface.
Here, the photographs Lanier introduced in her deposition and which she identified as depicting the area in which she fell, depict a buckled or alligatored type of area in the pavement of the parking lot. Lanier has not demonstrated that this defect in the pavement in the parking lot created a triable jury issue, because the photos depict it as the kind within the classification of a minor imperfection — one reasonably to be anticipated on a traveled surface. Thus, because the condition Lanier encountered while traversing the parking lot is a minor imperfection, no liability exists for it. Therefore, no genuine issue of material fact exists, and University Suburban is entitled to judgment as a matter of law. Accordingly, this assignment of error is not well taken, and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE
 __________________________ MICHAEL J. CORRIGAN, JUDGE
 _________________________________ JAMES D. SWEENEY, JUDGE, DISSENTS (See Dissenting Opinion attached)
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).