Kathy Richards injured her ankle when she slipped on some loose gravel and pieces of asphalt in the parking lot of The Glass Hat, a bar located at the corner of Linden Avenue and Torence Street in Dayton and owned by Bowling Sons, Inc. (Bowling). Richards sued Bowling, which eventually moved successfully for summary judgment. Richards appealed, assigning error as follows:
 THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF APPELLEE AGAINST APPELLANT BECAUSE REASONABLE MINDS COULD DIFFER AS TO THE SUBSTANTIAL NATURE OF THE ALLEGED DEFECT AND THE EXISTENCE OF ATTENDANT CIRCUMSTANCES.
The essential evidence is straightforward and not disputed. The parties disagree as to whether reasonable minds could draw different, critical inferences from the evidence.
 I.
The evidence upon which Bowling sought summary judgment was Richards' deposition testimony, which we summarize as follows.
The Glass Hat bar is situated at the intersection of Linden and Torence, across from the Hewitt Soap Company where Richards worked. Richards customarily met co-workers for coffee at the bar before starting to work at 3:30 p.m. On January 14, 1997 at about 2:30 p.m., Richards parked in the bar parking lot, three spaces from an alley that separates the bar from the parking lot. The alley is open to vehicular traffic. Richards parked in this lot approximately twice a week. As Richards made her way from her car to the bar she slipped on some loose gravel and pieces of asphalt in the vicinity of the parking space closest to the alley. She described the gravel and asphalt as follows, based on her observations two days after her slip, when her sister drove her to the parking lot:
 Q. So your sister drove by the area where you fell in her car and you just looked out the windows?
A. Right.
Q. What did you see on the ground there?
 A. Just loose gravel, loose asphalt, whatever you want to call it.
 Q. And what color was the loose gravel and asphalt?
A. Black.
Q. And then what color was the pavement?
 A. It's black around it, but I think on the inside there's a little place that looks to be about this deep (indicating) and on the inside of it, there's all kinds of loose stuff.
 Q. Okay. Explain to me what you're talking about. This area that you were just indicating because I'm not really sure I understand what you're describing.
 A. There's a place probably two foot around that's got loose gravel and asphalt that's chipped away. It was still there Saturday.
Q. Is that where you fell?
A. Yes.
 Q. When you looked at that area with the loose gravel and the asphalt from the car on January 16, could you see it pretty clearly?
A. Yes.
 Q. And is that loose gravel that you think you fell on?
A. I know I did.
 Q. Okay. Did you see that area that you're talking about, that two foot area, the day of your accident?
A. I don't remember looking down.
 Q. Okay. But you could see it real clearly when you went back two days later?
A. Yeah.
Two of Richards' friends were traveling in an automobile in the alley and observed Richards slip. Richards didn't know how long the gravel and asphalt had been on the parking lot and had never heard the bar owner mention the gravel and asphalt. At the time, that she slipped, Richards had a canvas bag over her shoulder and two baby outfits in her hand.
 II.
The trial court appears to have based its decision to grant summary judgment on Helms v. American Legion, Inc. (1966),5 Ohio St.2d 60 which holds:
 The owners or occupiers of private premises are not insurers of the safety of pedestrians traversing those premises, and minor or trivial imperfections therein, which are not unreasonably dangerous and which are commonly encountered and to be expected, as a matter of law do not create liability on the part of such owners or occupiers toward a pedestrian who, on account of such minor imperfection, falls and is injured.
Richards correctly observes that both Bowling and the trial court have erroneously characterized Helms as a "gravel on a walkway" case when it is not. Nevertheless, the Helms syllabus continues to be good law. Richards contends that the gravel and asphalt were not, as a matter of law, a minor or trivial imperfection in the parking lot within the contemplation ofHelms. Further, even conceding for the sake of argument that the gravel and asphalt were, as the trial court found, a "minor imperfection", Richards contends that the trial court failed to consider "attendant circumstances" which created a jury question as to whether the minor defect was nevertheless "unreasonably dangerous", citing Thompson v. Kroger Co. (June 9, 1992), Mont. App. 13248, unreported.
In Thompson we stated:
 This appellate court has set forth a two prong analysis regarding sidewalk-related injuries. First, a trial court must determine whether the defect is minor or substantial. If the defect is substantial, a question of fact is raised for the jury's consideration. If the defect is minor, the trial court must then consider whether any attendant circumstances exist that render the defect unreasonably dangerous and raise a question of fact for the jury.
* * *
 If reasonable minds can differ as to whether the attendant circumstances were sufficient to make the defect substantial, then a question of fact is raised for the jury.
In our judgment, the trial court correctly determined that the gravel and asphalt were a minor or trivial imperfection in the parking lot. There is nothing in the evidence to demonstrate that the gravel and asphalt were anything more than what one would expect to accompany gradual deterioration of a paved outdoor parking lot over time, a condition that is "commonly encountered and to be expected." Helms. CompareBorchers v. Winzeler Excavating Co. (1992), 83 Ohio App.3d 268
where "there were large and small pieces of gravel lying in the road" — allegedly debris from a sewer installation project which Winzeler failed to remove.
Although the trial court does not appear to have considered attendant circumstances which might create at least a jury question as to whether the gravel and asphalt were unreasonably dangerous, we are satisfied that there were none. Richards contends that the facts that the alley between the parking lot and bar was open to traffic, and a moving car was in the alley at the time she slipped, constituted such an attendant circumstance. We disagree because there is no evidence that Richards was concerned with vehicular traffic in the alley as she made her way toward the bar. Richards also contends that the fact that the gravel and asphalt were the same color as the surrounding pavement is such an attendant circumstance. Again we disagree, based on Richards' own testimony that when she looked at the place where she slipped two days thereafter, she had no difficulty seeing the gravel and asphalt. In our judgment, the evidence is devoid of attendant circumstances of sufficient consequence as to raise a jury question as to whether the gravel and asphalt were unreasonably dangerous. Compare Cash, Thompson, supra.
Based on the above discussion, it is unnecessary to discuss the other issues addressed in the parties' briefs.
The assignment of error is overruled.
The judgment will be affirmed.
YOUNG, J. and FAIN, J., concur.
Copies mailed to:
Jean M. Steigerwald Michael J. Liss Hon. Mary Donovan