OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
In this negligence action against defendants-appellees Maple Heights Board of Education and Henry Rish, the Board's Superintendent,[1] for injuries suffered in a trip-and-fall in the Maple Heights High School gymnasium, plaintiff-appellant Florence K. Tycast appeals from the trial court order that granted appellees' motion for summary judgment.
Appellant argues in her first assignment of error that issues of material fact remain as to whether appellees breached any duty of care toward her. In her second assignment of error, appellant argues the trial court abused its discretion in failing to conduct an oral hearing prior to granting appellees' motion for summary judgment. This court finds the trial court's actions were proper; therefore, appellant's assignments of error are overruled.
The incident that led to the instant action occurred on December 9, 1994. At approximately 6:30 p.m., appellant arrived at the Maple Heights High School with her daughter Janice Russo and Russo's three young children to attend a basketball game. Appellant obtained tickets to the event, then proceeded to the entrance to the school's gymnasium.
The entrance consisted of "two open doors."[2] As appellant and her relatives walked through the doorway, appellant, who was wearing "a flat sports shoe" on her feet, experienced a sensation "like something grabbed my foot" and fell to the floor, sustaining an injury to her leg. Appellant subsequently had time to observe the floor while she lay there waiting for medical attention; she saw imbedded in the floor in the center of the doorway a single set of "door couplings." The door coupling extended "approximately onecentimeter or less than one-half inch above the [surface of the] floor." (Emphasis added.)
In her complaint against appellees, appellant alleged her fall was caused by the door coupling, which constituted a "dangerous and unsafe condition." Appellant alleged appellees were negligent, both in permitting the condition to exist and in failing to warn her of the condition. Appellees filed a motion for summary judgment with respect to appellant's claims, which the trial court ultimately granted.[3]
Appellant initially argues summary judgment was inappropriate in this case, contending issues of fact remain concerning whether appellees breached a duty of care toward her. This court disagrees. Appellees furnished evidence that demonstrated appellant could not establish the elements necessary to sustain her negligence action. Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19. Since appellant failed to present sufficient evidence to support her claim appellees were negligent, no genuine issue of material fact existed; therefore, summary judgment was properly granted for appellees. Dresher v. Burt (1996), 75 Ohio St.3d 280.
In Amend v. Bluemel (Dec. 17, 1992), Cuyahoga App. No. 63450, unreported, this court held as follows:
This court has stated in previous decisions:
 A municipality is not liable for a defect in a sidewalk of two inches or less, Amos v. Cleveland (1959). 169 Ohio St. 367; Gallagher v. Toledo (1959), 168 Ohio St. 508; see, also, Kimball v. Cincinnati
(1953). 216 Ohio St. 370, syllabus, unless attendant circumstances create a situation in which a court cannot find that the defect is insubstantial as a matter of law. Cash v. Cincinnati (1981), 66 Ohio St.2d 319, 324.
 Eden v. Shaker Heights (Dec. 12, 1991), Cuyahoga App. No. 61695, unreported, at 3. This rule of law has been extended to private defendants. Helms v. American Legion, Inc.
(1966), 5 Ohio St.2d 60, syllabus:
 The owners or occupiers of private premises are not insurers of the safety of pedestrians traversing those premises, and minor or trivial imperfections therein, which are not unreasonably dangerous and which are commonly encountered and to be expected, as a matter of law do not create liability on the part of such owners or occupiers toward a pedestrian who, on account of such minor imperfection, falls and is injured. (Smith, Admnr. v. United Properties, Inc. and Schilliger v. Graceland Shoppers Mart, Inc., 2 Ohio St.2d 310, overruled, except the syllabus thereof.)
As in Amend, appellant presented insufficient "attendant circumstances" to overcome the presumption established in Helms v.American Legion, Inc. (1996), 5 Ohio St.2d 60. McGuire v. Sears,Roebuck Co. (1996), 118 Ohio App.3d 494; Backus v. Giant Eagle
(1996), 115 Ohio App.3d 155; Stockhauser v. Archdiocese of Cincinnati
(1994), 97 Ohio App.3d 29; cf., Cash v. Cincinnati (1981),66 Ohio St.2d 319.
The evidence demonstrated the door coupling measured only three and one-half inches in length, extended less than one-half inch above the floor and was placed directly in the center of a double-wide doorway, that appellant was wearing a low-heeled shoe for adequate balance, and that neither appellant's relatives nor anyone else had difficulty negotiating the entrance to the gymnasium. Based upon these facts, reasonable minds could conclude only that the door coupling constituted a trivial imperfection that was not unreasonably dangerous. McGuire v. Sears, Roebuck Co.,supra. Therefore, summary judgment for appellees was appropriate, and appellant's first assignment of error is overruled.
Furthermore, Civ.R. 56 does not mandate an oral hearing; rather, the language of the rule contemplates primarily the submission of appropriate evidentiary materials for the trial court's consideration. Brown v. Akron Beacon Journal Publishing Co.
(1991), 81 Ohio App.3d 135 at 139. Since a trial court is not required to hold an oral hearing, and since the record fails to reflect the trial court abused its discretion in granting appellees' motion without one, appellant's second assignment of error also is overruled. Potter v. Troy (1992), 78 Ohio App.3d 372.
The judgment of the trial court is affirmed.
This cause is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, PRESIDING JUDGE, DISSENTS (with attached Opinion).
LEO M. SPELLACY, JUDGE, CONCURS IN ORIGINAL OPINION.
KENNETH A. ROCCO, JUDGE, CONCURS IN ORIGINAL OPINION.
[1] Although appellant named two other defendants in her complaint, viz, Maple Heights High School and "John Doe, Custodian," these defendants thereafter were not treated as separate parties-defendant in the trial court. See Wise v. Gursky (1981),66 Ohio St.2d 241.
[2] Quoted text in this opinion is taken from the evidentiary materials filed in the trial court.
[3] In their motion, appellees did not argue they were immune from appellant's claims pursuant to R.C. 2744.01 et seq.; therefore, since this issue was not raised in the trial court, this court need not address it. Leibson v. Ohio Dept. of Mental Retardation Dev. Disabilities (1992), 84 Ohio App.3d 751.