OPINION
This appeal arises from a Judgment Entry of the Mahoning County Court of Common Pleas granting Appellee summary judgment in a trip and fall case. Appellants argue that there are genuine issues of material fact in dispute which should have been presented to a jury. For the following reasons, we affirm the judgment of the trial court.
On October 31, 1994 Appellant, Margaret L. Simmons, was visiting her mother who lived in Appellee's Plaza View Apartments in Youngstown, Ohio. While her husband is also an Appellant in this action, as his claims are derivative of hers, we will address only Mrs. Simmons as "Appellant" for factual purposes. The undisputed facts are as follows: the parties agree that Appellant went to visit her mother at the apartment complex at least once a week for over two years. Upon leaving the complex, Appellant walked across a sidewalk and over a curb to get to the parking lot where her car was parked. Appellant tripped and fell as she stepped onto the parking lot area, sustaining serious injuries which included a fractured leg. (Deposition, Simmons, pp. 28-30; hereinafter "Dep., Simmons"). Later measurements by both Appellant and Appellee determined that there was a difference in height of about one-half of an inch between the sidewalk and the curb leading to the parking lot. (Dep., Simmons, p. 27; Deposition, Glenn, p. 11). The parties agree that Appellant was a social guest of Appellee at the time of the accident.
On October 3, 1996 Appellant filed a complaint in negligence against Appellee in the Mahoning County Court of Common Pleas. After discovery was complete, Appellee filed a Motion for Summary Judgment. In support of the motion, Appellee provided Appellant's undisputed deposition testimony where she stated that she had not noticed any defect in the sidewalk prior to her fall, that there was nothing obscuring her vision when she fell, that she could have seen the difference in height between the sidewalk and the curb if she had looked and that the difference in height between the sidewalk and curb was about a half of an inch. (Dep., Simmons, pp. 10-11, 27-28). Appellee argued in its motion that a difference in height of less than two (2) inches between abutting sidewalk slabs is insubstantial as a matter of law and precludes liability. Appellee also argued that an owner of property has no duty to warn pedestrians of open and obvious conditions of the property.
On February 25, 1998 the trial court sustained Appellee's Motion for Summary Judgment. The trial court determined that the amount of variance in the sidewalk was less than one inch, that Appellant was a frequent visitor to the area, that there was no evidence that the sidewalk condition was dangerous and that there was no evidence showing that Appellee had any prior knowledge of the variance in height between the sidewalk and the curb. (Judgment Entry, February 25, 1998). On March 23, 1998, Appellants filed this timely appeal.
This Court reviews a lower court's decision to grant summary judgment in a de novo fashion. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. Thus, judgment is reviewed independently and without regard to the determination made by the trial court. Id. This Court does apply the same test used by the trial court, set out in Civ.R. 56 (C), to determine whether: "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel.Spencer v. East Liverpool Planning Com'n. (1997), 80 Ohio St.3d 297,298. The party seeking summary judgment has the initial burden of showing that no genuine issue of material fact exists.Dresher v. Burt (1996), 75 Ohio St.3d 280, 296. Once the initial burden has been met, the nonmoving party has the burden to set forth specific facts which show that there is a genuine issue for trial. Id. at 293. Doubt must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
In order to establish actionable negligence, Appellants needed to show the existence of a duty, a breach of that duty and an injury proximately resulting from the breach. Texler v. D.O.Summers Cleaning Shirt Laundry Co. (1998), 81 Ohio St.3d 677,681. Generally, a property owner owes no duty to warn or protect against insubstantial variations of two inches or less between sidewalk slabs. Kimball v. Cincinnati (1953), 160 Ohio St. 370 at syllabus; Gallagher v. City of Toledo (1959), 168 Ohio St. 508,509; Cash v. Cincinnati (1982), 66 Ohio St.2d 319, 323. Although originally promulgated in the context of municipal liability for defects in sidewalks, the Kimball two-inch rule applies with equal force to private property owners. Helms v. American Legion,Inc. (1966), 5 Ohio St.2d 60 at syllabus. In Cash v. Cincinnati,supra, the Supreme Court refused to retreat from the Kimball
two-inch rule but added the requirement that a court should consider any attendant circumstances when determining whether variations between sidewalk slabs were insubstantial as a matter of law. Id.
at 323. The Cash court considered the defect, that the defect was in the downtown of one of Ohio's biggest cities, that the sidewalk was used heavily by pedestrians during the busiest part of the day and that it was near an intersection where pedestrians would be distracted by traffic and crosswalk signals. Id.
This Court has held that an attendant circumstance, "is the circumstance which contributes to a falldown and a circumstance which is beyond the control of the injured party." Backus v.Giant Eagle (October 31, 1996), Mahoning App. No. 96 C.A. 16, unreported. In Backus the plaintiff tripped on a one and one-half inch deep crack in the asphalt of a grocery store parking lot, sustaining serious injuries. This Court affirmed the motion for summary judgment granted in favor of the defendants. We determined that the fact that the grocery store had advertising flyers available at the door and that the plaintiff was reading one of those flyers when he tripped was not an attendant circumstance. We held that, "[t]here is a paramount duty upon a pedestrian to look where he or she may be walking. If he or she exercises the option to read advertisements rather than look at the surface upon which he or she is travelling, then he or she abandons the duty imposed to look" Id. We also found that it was significant that the plaintiff had shopped at the store at least three times each week, that he knew of the condition of the blacktop and that the condition of the blacktop should have been obvious and apparent to anyone walking on it.
This Court also affirmed summary judgment granted in favor of the defendant in a similar trip and fall case in Lipp v. Tiger'sTable Restaurant (October 16, 1991), Mahoning App. No. 91 C.A. 5, unreported. The plaintiff in Lipp tripped over a one-half inch defect in the sidewalk outside the defendant's restaurant as she walked to her car. The plaintiff sustained injuries to her knees and face. This Court determined that the presence of a newspaper vending machine which partially blocked a person's view near the door of the restaurant was not an attendant circumstance. In Lipp
this Court distinguished the facts from those in Cash, and held that the one-half inch defect was insubstantial as a matter of law. Id.
In the case under review, Appellant points to no attendant circumstances which rise to a level of those in Cash v.Cincinnati. Appellant admitted in her deposition that the defect was only about one-half of an inch deep, less than the one and one-half defect in Cash. Appellant stated that she visited the area at least once a week for over two years and was very familiar with it; that she was wearing her glasses at the time of the accident; that it occurred during the afternoon; that she was not carrying anything except her purse and that she had not noticed a defect before nor had she ever seen anyone tripping or falling over the defect. (Dep., Simmons, pp 8-13).
Appellant argues that the sidewalk defect extended the entire length of the sidewalk for many feet in either direction of where she fell. Appellant maintains that this is an attendant circumstance which should preclude the defect from being classified as insubstantial as a matter of law. In Cash the Supreme Court did consider the relative length of the defect in its analysis of attendant circumstances. Cash, supra, at 325. Nevertheless, Appellant can point to no other attendant circumstances comparable to the many factors relevant in Cash.
None of those other attendant circumstances exists here. We hold that the mere fact that a variation in elevation of less than two inches extends the entire length of the point where a sidewalk abuts a curb is not an attendant circumstance which would overcome the presumption that the defect is insubstantial as a matter of law.
Appellant argues that her own actual or constructive knowledge of the defect was a genuine issue of material fact that should have been resolved by the jury. It is beyond dispute that a property owner is under no duty to warn invitees of open and obvious conditions of the property. Sidle v. Humphrey (1968),13 Ohio St.2d 45, 48; Billet v. B.P. Oil Co., Inc. (September 4, 1998), Mahoning App. No. 97 C.A. 177, unreported. Appellant's deposition testimony states that she did not notice any defect in the sidewalk in the two years she had walked back and forth over it, including the day of the accident. "[O]ne traversing such a defect upon entering a building cannot take the position that it was at that time insubstantial as to go unnoticed, but became unreasonably dangerous, hence actionable, when injuries were occasioned by it upon exiting shortly thereafter." Ralfo v.Losantiville Country Club (1973), 34 Ohio St.2d 1, 4. In this matter, where there is no question as to the open and obvious character of the sidewalk, Appellant is barred from recovery as a matter of law. Sidle, supra, at 48.
Appellant contends that the building maintenance supervisor, Mr. James Phillips, and the managing agent for the apartments, Mr. James Glenn, knew about the defect in the sidewalk prior to Appellant's accident and that they did nothing to repair the defect after the accident. The resolution of these matters is not material to the determination of Appellee's liability in this case. In cases of trivial or insubstantial sidewalk defects as a matter of law, the issue of the landowner's notice of the defective condition is irrelevant. Jones v. H. T. Enterprises
(1993), 88 Ohio App.3d 384, 390; Baldauf v. Kent State University
(1988), 49 Ohio App.3d 46, 50; Hobson v. City of Dayton
(September 20, 1996), Montgomery App. No. 15497, unreported; Hrenv. City of Akron (January 28, 1987), Summit App. No. 12710, unreported.
For all of the foregoing reasons the judgment of the trial court is affirmed.
Cox, P.J., concurs.
Donofrio, J. concurs.
APPROVED:
 _________________________ CHERYL L. WAITE, JUDGE