JOURNAL ENTRY and OPINION
{¶ 1} Claire Waters appeals from a decision of the common pleas court granting Roberta Carroll's motion for summary judgment in the underlying premises liability case. On appeal, Waters argues that the Westlake city ordinance imposed a duty on Carroll to maintain her sidewalk and that a question of fact exists as to whether Carroll breached that duty. After a careful review of the record, we conclude that the court properly granted summary judgment in favor of Carroll. Accordingly, we affirm that judgment.
 {¶ 2} The facts of the case are generally not disputed. On or about June 18, 1998, the City of Westlake notified Roberta Carroll Kenney of sidewalk defects abutting her property and marked the area for repair with large orange spray-painted Xs. Thereafter, on July 13, 1998, around 8:45 p.m., while walking her dog, Waters tripped and fell on the defective area of Kenney's sidewalk and sustained injuries. She had earlier traversed this area of Kenney's sidewalk and had planned to cross Hilliard and walk on the other side of the street, but changed her mind because of a loose dog which she did not recognize. Westlake police officer Tommy Crowley responded to a call after Waters fell, and filed an incident report noting the sidewalk deviation to be two inches.
 {¶ 3} Waters initially filed suit against the City of Westlake, but she dismissed her original lawsuit after resolving the matter with the city; she then she refiled it against Carroll and other parties whom she later dismissed. Carroll moved for summary judgment which the trial court granted and from which Waters now appeals. Two errors are assigned for review. The first states:
 {¶ 4} "The lower court erred in granting summary judgment as the Westlake City Ordinance imposed a duty on the appellee to maintain her sidewalk in good repair."
 {¶ 5} Waters argues that the ordinance imposed a duty upon Carroll to maintain her sidewalk in good repair and that Carroll negligently maintained a dangerous condition by failing to repair it. Carroll counters that because the ordinance does not impose a duty, a requisite element of negligence is lacking, which justifies summary judgment on Water's claim. Carroll further claims that an owner of a public sidewalk is not generally liable for injuries sustained by a pedestrian. The issue before us, then, is whether the court erred in granting Carroll's motion for summary judgment. Our review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158,162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 6} In this regard, we recognize that Civ.R. 56 provides in part:
 {¶ 7} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 8} Further, a party seeking summary judgment bears the initial burden of demonstrating an absence of genuine issues of material fact concerning an essential element of an opponent's case. See Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. A defendant may satisfy this burden by showing an absence of evidence to support the non-moving party's case. Once the moving party has satisfied this burden, the non-moving party then has the burden to set forth specific facts showing there is an issue for trial. Id.
 {¶ 9} Here, Waters contends that the ordinance imposed a duty on Carroll to maintain her sidewalk in good repair. Waters refers us to Sections 905.08 and 905.09 of the Westlake City Ordinances. Waters also relies on Walker v. City of Parma (May 30, 1991), Cuyahoga App. No. 60540, in urging us to construe the ordinance as imposing such a duty. In Walker, we construed the terms of a Parma City Ordinance that provided, in relevant part, as follows:
 {¶ 10} "Duty to keep sidewalks in repair and clean.
 {¶ 11} "(a) No owner or occupant of abutting lands shall fail to keep the sidewalks, curbs or gutters in repair and free from snow, ice or any nuisance.
 {¶ 12} "(b) Upon the violation of subsection (a) hereof, Council shall, by resolution, order the repair of such sidewalk, the removal of such obstruction or the abatement of such nuisance.
 {¶ 13} "If the owner or person having charge of such land fails to comply with such resolution, after due notice of same, Council shall cause the sidewalks to be repaired or cleared. * * *." There, we held that the specific terms of the Parma Ordinance imposed a "duty on the landowner to keep his property in good repair * * *." Id.
 {¶ 14} Here, however, the specific terms of the Westlake Ordinance place a duty upon the city's engineer to implement a "regular and consistent sidewalk repair program," requiring inspection of all public sidewalks every four years. Westlake Ordinance 905.08 specifies in part:
 {¶ 15} "(d) Property owners or their agents shall be informed, in writing, of the repairs required to bring the sidewalks abutting the property into compliance.
 {¶ 16} "(e) Said repairs or replacement shall be made within forty-five days from the date of receipt of the notice received by the property owners * * *."
 {¶ 17} Westlake Ordinance 905.09 provides in relevant part:
 {¶ 18} "(a) If the property owner or agent fails to comply with the notice to repair * * * the City shall cause the sidewalk to be reconstructed or repaired."
 {¶ 19} Thus, the issue here is whether the Westlake ordinances impose a specific duty on the property owner to keep property in good repair as we held in Walker. We distinguish this case from Walker, however, because there, the Parma ordinance imposed a specific duty on the property owner to keep sidewalks in repair. Here, Westlake does not. Rather, the duty to inspect is with the city and only upon notice the owner is given 45 days to comply; upon failure to comply, the ordinance mandates the city to cause the sidewalk repair. Thus, the ordinance imposes no duty on the property owner.
 {¶ 20} Accordingly, this assignment of error is not well taken. The second assignment of error states:
 {¶ 21} "The lower court erred in granting summary judgment when reasonable minds could find there was a question of fact as to whether appellee breached her duty to maintain the sidewalk."
 {¶ 22} Waters contends the court erred in granting summary judgment urging that a question of fact exists as to whether Carroll breached a duty to maintain the sidewalk. Here, Waters contends, "attendant circumstances" existed which impose liability.
 {¶ 23} In Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60, the court stated in its syllabus:
 {¶ 24} "The owners or occupiers of private premises are not insurers of the safety of pedestrians traversing those premises, and minor or trivial imperfections therein, which are not unreasonably dangerous and which are commonly encountered and to be expected, as a matter of law do not create liability on the part of such owners or occupiers toward a pedestrian who, on account of such minor imperfection, falls and is injured."
 {¶ 25} Further, in Backus v. Giant Eagle, Inc. (1996),115 Ohio App.3d 155, the court stated at page 157 of its opinion:
 {¶ 26} "Municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways. Kimball v. Cincinnati (1953), 160 Ohio St. 370;Gallagher v. Toledo (1959), 168 Ohio St. 508; Helms v. Am. Legion, Inc. (1966), 5 Ohio St.2d 60.
 {¶ 27} To maintain a negligence action against Carroll, therefore, Waters must establish: (1) a duty owed by the property owner; (2) breach of that duty; and (3) an injury proximately caused by the breach. Texler v. D. O. Summers Cleaners Sheet Laundry Co. (1998),81 Ohio St.3d 677, 680.
 {¶ 28} As a general rule, "[a]n owner of property abutting a public street is not liable for injuries to pedestrians resulting from defects in the abutting portion of such street unless such defects are created or negligently maintained or permitted to exist by such owner for his own private use or benefit." Eichorn v. Lustig's Inc. (1954),161 Ohio St. 11, syllabus. The three exceptions to this general rule have been summarized as follows:
 {¶ 29} "(1) if a statute or ordinance imposes a specific duty on the property owner to keep the sidewalk adjoining his property in good repair;
 {¶ 30} "(2) if the property owner by his/her affirmative acts creates or negligently maintains the defective or dangerous condition causing the injury;
 {¶ 31} "(3) the property owner negligently permitted the defective or dangerous condition to exist for some private use or benefit."
 {¶ 32} Kingston v. Austin Development Co. (Feb. 5, 1998), Cuyahoga App. No. 72034.
 {¶ 33} As determined in our analysis and resolution of the first assignment of error, the first exception does not apply in this case.
 {¶ 34} Regarding the second exception, the record here is devoid of evidence of any affirmative act on the part of Carroll in creating the defective condition which caused the injury. The issue here is whether Carroll negligently maintained a defective condition resulting in injuries to Waters.
 {¶ 35} To withstand summary judgment on the basis that the defendant negligently maintained a dangerous condition, the plaintiff must establish a genuine issue of fact as to whether the defect in the sidewalk was "substantial." Cash v. Cincinnati (1981), 66 Ohio St.2d 319;Kimball v. Cincinnati (1957), 160 Ohio St. 370.
 {¶ 36} We recognize that in Cash, supra, the court established that a variation in elevation in a sidewalk of two inches or less is trivial, and therefore not actionable.
 {¶ 37} Here, Waters failed to establish any substantial defect in the sidewalk. Although she offered the observations of the responding police officer as evidence concerning the size of the deviation in the sidewalk, the officer reported the deviation as two inches.[1] That is considered a minor defect under the applicable law.
 {¶ 38} Waters next argues that attendant circumstances create a factual issue regarding whether this defect is substantial. As the court stated in Stockhauser v. Archdiocese of Cincinnati (1994),97 Ohio App.3d 29, 33:
 {¶ 39} "To render a minor defect substantial, attendant circumstances must not only be present, but must create a greater than normal, and hence substantial, risk of injury. * * * The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." (Citations omitted.)
 {¶ 40} Waters claims a loose dog on the other side of the street constituted an attendant circumstances, which distracted her and caused her to fall. However, the mere appearance of a dog does not amount to an attendant circumstance, nor significantly enhance the danger of the defect, to render a minor imperfection substantial and thereby to impose liability under this exception.
 {¶ 41} The third exception to the general rule requires the plaintiff to establish that the defendant negligently permitted a defective condition to exist for some private use or benefit. There is no evidence in the record that would support this exception and Waters does not argue that it applies.
 {¶ 42} Based on the foregoing, we have concluded that the court properly granted summary judgment. Accordingly, we reject this assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., CONCURS; JAMES J. SWEENEY, J., DISSENTS (WITH SEPARATE DISSENTING OPINION).
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] No other evidence was presented concerning the raised portion of the sidewalk. Waters testified that she did not measure the raised portion.