OPINION
{¶ 1} This is an appeal from a summary judgment for a defendant asphalt contractor on a plaintiff's trip-and-fall claim.
 {¶ 2} In the fall of 2002, Defendant-Appellee A To Z Asphalt Contractors, Inc. ("A to Z") commenced work to install a new asphalt parking lot in an area adjoining an existing asphalt lot on the premises of the Miami Valley Career Technology Center ("MVCTC"). The work involved removal of asphalt where the existing lot abutted the new lot and installing two new layers of asphalt, a base layer and a finish layer, to form the new lot. A to Z had installed only a base layer in a part of the lot when it terminated its work in December of 2002.
 {¶ 3} Because of height differences between remaining portions of the old asphalt surface and the new base layer, and recognizing a potential hazard to users of the lot, A to Z attempted to paint red lines on its surface to warn users of the condition. However, the cold weather apparently prevented the paint from adhering and the effort was not successful. Because MVCTC needed to use the old, existing lot for student parking until that time, A to Z could not resume work on the MVCTC lot before August of 2003.
 {¶ 4} On April 17, 2003, Plaintiff-Appellant, Andrea M. Pierron, a student at MVCTC, was walking across the lot with two other persons toward a car when she tripped over a ledge where the old asphalt joined a new base layer, causing her to fall to the ground. Pierron subsequently commenced the underlying action against A to Z for the injuries she suffered.
 {¶ 5} A to Z moved for summary judgment on two grounds. First, it argued that it owed no duty to Pierron that its alleged act or omission had breached. Second, it argued that the alleged defect was insubstantial and that there were no attendant circumstances that rendered it liable for Pierron's injuries. The trial court granted A to Z's motion on the second of the two grounds. Pierron filed a timely notice of appeal
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "The Trial Court erred in Granting Summary judgment in favor of defendant in that genuine issues of material fact remain as to whether the subject defect was significant in size or was otherwise significant due to the presence of attendant circumstances."
 {¶ 7} In Kimball v. Cincinnati (1953), 160 Ohio St. 370, the court held that negligence actionable in law cannot be predicated on minor height deviation of less than two inches in adjacent sections of public sidewalks. The same rule was extended to injuries suffered on private property in Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60. However, in Cash v. Cincinnati (1981), 66 Ohio St.2d 319, the Court later held that even when the size of a defect renders it insubstantial, courts should also consider all the attendant circumstances when determining liability.
{¶ 8} In Luehrs v. Eichelberger (Dec. 29, 1989), Montgomery App. No. 11628, which also involved a trip-andfall injury in a private parking lot, we wrote:
 {¶ 9} "Kimball and Cash establish a two prong analysis of sidewalk-related injuries. Courts must first determine whether the defect is minor as defined by Kimball. If it is not minor, there is a question of fact for the jury. If it is minor, the court must then consider whether any other, attendant circumstance can be said to have such a bearing on the landowner's duty of care and its breath that a jury question remains. Thus while a defect may be classified as minor according to Kimball standards, it may be unreasonably dangerous according to Cash." Id. at p. 5.
 {¶ 10} A motion for summary judgment requires the court to construe all evidence on which the movant relies, as well as any other evidence in the record, most strongly in favor of the party against whom the motion is made. Civ.R. 56(C). Further, the court may then grant the motion only if reasonable minds could only conclude that there is no genuine issue of material fact, and the movant is entitled to judgment on the claim or defense involved as a matter of law. On appeal of a summary judgment, our review is de novo. Navilar v. Osborn (1998), 127 Ohio App.3d 1.
 {¶ 11} There is evidence that the two layers of asphalt A to Z was required to install would be four inches in thickness, and that each layer would be two inches thick. There is also evidence that the base layer A to Z installed may have subsided, producing a ledge between it and the old asphalt remaining of more than two inches. Gregory Price, president of A to Z testified that the ledge was between one and one-half and one and three-quarters inches of height when work ceased in December of 2003, but conceded that these were only estimates. The benefit of these ambiguities must necessarily be construed in favor of Pierron and against A to Z.
 {¶ 12} Several attendant circumstances must likewise be construed against A to Z. The accident occurred in a parking lot where, unlike a sidewalk, pedestrians must look about for moving vehicles, which can distract their attention from the condition of the surface. Also, and unlike Luehrs, the hazardous condition that allegedly caused Pierron's fall was not one that occurs naturally, like wear and tear from weather, but was man-made, and therefore relatively atypical. Finally, and unlike the circumstances in Cash v. Cincinnati, A to Z's work was not on-going when the accident occurred, but had ceased some four months earlier. However, A to Z's lack of liability likewise results from that fact.
 {¶ 13} Unlike a person who creates a condition which is inherently dangerous, a person who creates a condition which is merely hazardous is not an insurer, strictly liable to anyone who is injured by occurrence of the risks it presents. Rather, liability then can arise only from a negligent act or omission to satisfy a duty of care the law imposes relative to such risks. On claims of premises liability, the relevant duty of care requires persons responsible for the premises either to cure the hazard or to warn invitees of its existence. Failure to do that breaches the duty of care, resulting in actionable negligence for any injuries that proximately result from occurrence of the risk the hazard presents. However, in order for such a duty to be both imposed and discharged, the person allegedly responsible for its breach must be in possession of the premises; that is, he must be an owner or occupier of the premises on which the hazard exists. Monnin v. Fifth Third Bank ofMiami Valley (1995), 103 Ohio App.3d 213. Absent such possession and the resulting power of control it confers, there is no duty owed to invitees which persons otherwise responsible for the hazard can breach through their negligent acts or omissions. Comerford v. The Jones Laughlin Steel Corp. (1959), 170 Ohio St.2d 117.
 {¶ 14} Because A to Z neither owned nor occupied the premises where Pierron was injured, it had no duty to cure the hazard or warn Pierron of its existence. Therefore, because no negligent act or omission chargeable to A to Z proximately resulted in Pierron's alleged injuries, the trial court was mandated by Civ.R. 56(C) to grant the motion for summary judgment that A to Z filed. The assignment of error is therefore overruled. The judgment of the trial court will be affirmed.
Brogan, P.J. and Wolff, J., concur.