ARMSTRONG, APPELLANT, *v.* OHIO FUEL GAS CO., APPELLEE.

(No. 8584—Decided May 9, 1967.)

*Messrs. Chastang & Carroll,* for appellant.

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Rudolph Janata, Jr.,* and *Mr. Charles E. Brant,* for appellee.

TROOP, J. Plaintiff in the trial court, Helen Gale Armstrong, sought recovery in damages for injuries suf-

fered in an action in the Court of Common Pleas of Franklin County. She alleges that the injuries resulted from a fall induced by tripping over a curb box installed by the defendant, The Ohio Fuel Gas Company, on a public sidewalk in the city of Columbus. It is claimed that the offending curb box extended one and one-half to two inches above the surrounding sidewalk and that the defendant negligently caused or permitted the condition to persist.

Issues were joined and the cause came on for trial. Counsel for the plaintiff addressed his opening statement to the court, a jury having been waived, at the close of which defendant made a motion for judgment in its favor on "the opening statement as well as all allegations in the petition which is before the court." The trial court afforded counsel for the plaintiff further opportunity to add supplementally to the petition or to the statement of facts. Oral argument of both plaintiff and defendant was directed to the motion. The trial court sustained the motion of the defendant for judgment on the petition and the opening statement, explaining in considerable detail the basis for the result reached.

Judgment was entered by appropriate entry. It is from that judgment that this appeal is taken, supported by a single assignment of error, that the trial court erred in dismissing the petition of the plaintiff and entering judgment for the defendant as set out above.

Counsel for the plaintiff, appellant herein, urges this court to re-evaluate its decision in *Boyer* v. *Columbus* (1965), Case No. 7668, decided January 12, 1965, and suggests that its application should be strictly limited to suits against municipalities. It is further urged that re-evaluation should include a survey of earlier Supreme Court cases upon which this court relied. The fear is expressed that soon the rule will be that "negligence, or the lack of it, as a matter of law will become a matter of measurement and dimension alone with no possibility of a jury question being presented."

An exhaustive discussion appears unnecessary in view of the thorough approach of the trial court in its decision. As background to present thinking, a series of cases in-

volving municipal corporations should be noted. The classic case is *Kimball* v. *Cincinnati* (1953), 160 Ohio St. 370, the syllabus of which reads as follows:

"A variation of from one-half to three-fourths of an inch in the heights of adjacent sections of a sidewalk is a slight defect commonly found in sidewalks, and the municipality in which such sidewalk is located is not guilty of a violation of the duties imposed upon it by Section 3714, General Code, by reason of the existence of such defect."

*Kimball* was followed by *Griffin* v. *Cincinnati* (1954), 162 Ohio St. 232; *O'Brien* v. *Toledo* (1957), 167 Ohio St. 35; *Gallagher* v. *Toledo* (1959), 168 Ohio St. 508; *Buckley* v. *Portsmouth* (1959), 168 Ohio St. 513; *Amos* v. *Cleveland Heights* (1959), 169 Ohio St. 367; and *Kindle* v. *Akron* (1959), 169 Ohio St. 373. *Boyer, supra,* was decided by this court in 1965. The similarity of these cases, except *Griffin,* is apparent upon examination. *Griffin* moves away from the others suggesting that whether a defective condition, an elevation in a sidewalk of two inches in a triangular hole, is a qualified nuisance is a question for the jury to consider, along with all the attendant circumstances, when the city has constructive notice. Whatever the effect of *Griffin,* it is minimized by the concurrence of four judges of the Supreme Court when in *Gallagher, supra,* they held that *Griffin* was no longer controlling where it is inconsistent with *O'Brien, supra.*

As noted, these cases involve municipal corporations. As to them several propositions seem clearly established. A city is not an insurer. While a city has statutory responsibility for the exercise of reasonable care in the maintenance of its sidewalks, a defect must be substantial before it is unreasonable. Differences in elevation as between sidewalk slabs of three-eighths of an inch to two inches have been scrutinized by the courts, and it seems that any elevation less than two inches is not a substantial defect. Similarly, a triangular hole, a crack one and one-half inches to one and three-fourths inches wide, loose stones in an area near the elevation, a sewer catch basin cover, and a water line valve box four inches wide, have all passed muster in *Griffin, O'Brien, Gallagher, Buckley* and *Boyer.* Finally,

that where only these minimal defects, or "trivial departures from perfection," appear, there is no question for the jury and a motion for a directed verdict for the defendant is proper. This last proposition is supported particularly by *Kimball, O'Brien, Amos* and *Kindle.*

It would seem accurate to say that there was some thought, judicial (see *White* v. *Standard Oil Co.* [1962], 116 Ohio App. 212) and otherwise, that the series of decisions just reviewed, and others, were induced by a deep sympathy for trouble-beset municipalities seeking to maintain hundreds of miles of sidewalks for the convenience of the citizenry. The spectre of an increased tax load raised a voice protesting a too high or a too rigid standard of care for the city. Because of peculiar circumstances municipalities were thought to be alone in a distinct category in which the owner of private property and the private entrepreneur would not be found.

The notion that the owners of private property were in another class or category, owing to their invitees the common-law duty of ordinary care, was encourged by the decision of the Supreme Court in *Smith* v. *United Properties, Inc.* (1965), 2 Ohio St. 2d 310. This decision involved two cases begun in the Common Pleas Court of Franklin County. Smith alleged an offending difference of three-fourths of an inch in elevation between paving blocks, and Schilliger a difference of one-half inch. Both cases were concerned with the paving, or walks, in a shopping center. Defendants demurred in both cases and were sustained by the trial court. The final orders were reversed by this court, and the defendants appealed to the Supreme Court.

By a four-to-three decision the Supreme Court affirmed the decisions of this court, holding that patrons and customers of a shopping center are invitees toward whom the owner owes the common-law duty of ordinary care or that degree of care exercised by an ordinarily reasonable and prudent person under like or similar circumstances. Paragraph three of the syllabus, to which reference is later made, reads as follows:

"3. All the attendant circumstances must be consid-

ered in order to determine whether a sidewalk in a shopping center is reasonably safe for the use of invitees and such determination does not depend solely upon the matter of variation in the height of adjacent blocks in such sidewalk.''

The decision in *Smith* survived approximately seven months, until the Supreme Court ''with its regular complement of judges'' announced its decision in *Helms* v. *American Legion, Inc.* (1966), 5 Ohio St. 2d 60, the syllabus of which reads as follows:

''The owners or occupiers of private premises are not insurers of the safety of pedestrians traversing those premises, and minor or trivial imperfections therein, which are not unreasonably dangerous and which are commonly encountered and to be expected, as a matter of law do not create liability on the part of such owners or occupiers toward a pedestrian who, on account of such minor imperfection, falls and is injured. * * *''

At page 63, the court says that *Smith* and *Schilliger* are overruled, except the syllabus thereof. Then follows the statement, ''We do not disapprove or disturb the syllabus because we recognize that there may be instances of defective surfaces used by pedestrians or vehicles to which that syllabus could well be applicable.''

The language of the syllabus in *Helms* makes it abundantly clear that the owners of private property are immune from liability for minor or trivial defects. At page 62, the court flatly says, ''no liability rests on the owner or occupier of private premises for minor imperfections therein.'' Those minor imperfections are identified as (1) commonly encountered; (2) to be expected; and (3) are not unreasonably dangerous, representing ''trivial departures from perfection.''

If there is any doubt that the rule as to the liability of a city is to be applied to the property of private interests, note the language of the court at page 63, as follows:

''* * * the position taken by a majority of the court in the *Smith* and *Schilliger cases* represents a distinct departure from the position theretofore adopted and followed

by this court relative to slight imperfections in areas traversed by pedestrians, as set forth by Judge Middleton in *Kimball* v. *City of Cincinnati,* * * *."

A quote from *Kimball, supra,* follows.

There are no longer two categories as suggested above. *Kimball* sets the standard applicable to defects in both public and private areas traversed by pedestrians. As a matter of law a slight defect is not the basis for a charge of negligence, and there is no question of fact to be submitted to a jury. The apprehensions of counsel for the plaintiff are not without foundation.

*Helms* overruled *Smith* and *Schilliger* "except the syllabus thereof." In order to catch the full significance of this reservation a look at all of the cases is necessary. Recall that the decision in *Smith* and *Schilliger* was by a four-to-three vote. Also, in *Helms,* four to three. Chief Justice Taft dissented in *Smith* and was with the majority in *Helms.* His dissent in *Smith,* therefore, is of much more than casual interest now. Two important propositions advanced by the Chief Justice appear on pages 316 and 317, respectively, as follows:

"* * * a business invitee must allege and prove that the fall was proximately caused by some unreasonably dangerous condition of the premises."

"* * * whether the condition of premises complained of is an unreasonably dangerous condition is usually a question of fact for determination by the jury or other trier of the facts. However, where reasonable minds cannot determine that such condition was unreasonably dangerous, the trial court should not permit a jury to determine that it was. * * *"

If you are moved to argue that a demurrer directed to plaintiff's petition should not be sustained in the type of cases under review, the answer comes from the dissent, at page 320. Again, the cases involving municipalities furnish the background. Conceding that the trial might develop facts and circumstances that would enhance the minor defect raising it to the level of the unreasonable, nevertheless, the demurrer must be sustained if they are not pleaded.

All facts, the minor defect and the surrounding circumstances indicating "an unreasonably dangerous condition," must be pleaded. If the petition does not contain them, it is demurrable.

However strongly counsel for plaintiff may feel that private property should be distinguished from that publicly owned, and however serious the injury sustained as a result of the minor defect on private property, the rule is clear in *Helms*. If there once was a distinction, there is none now.

The final order and judgment of the trial court is affirmed, and this appeal dismissed at appellant's costs.

*Judgment affirmed.*

DUFFY and HERBERT, JJ., concur.