OPINION
{¶ 1} On the evening of December 10, 1998, appellant, Rae Ellen Hawkins, and her husband arrived at Crestwood High School to attend their grandson's wrestling match. Appellant indicated that she had been to Crestwood High School in the past. To wit, in her deposition, appellant stated she had visited the school approximately ten times to watch her grandson's wrestling matches and to attend other school programs for her grandson and granddaughter. As appellant approached the front door of the school, she stepped on a rock approximately two to three inches in diameter. Appellant subsequently fell and sustained a severely broken ankle as a result of the fall. In her deposition appellant opined that the rock came from a gravel path that extended from the sidewalk to the front door of the school.
 {¶ 2} On December 8, 2000, appellants filed suit against appellee, Crestwood Local Board of Education. On December 21, 2001, appellee filed a motion for summary judgment. Appellants filed a brief in opposition for summary judgment on February 22, 2002. On March 12, 2002, appellee filed its reply memorandum in support of its motion for summary judgment. On April 3, 2002, the trial court granted appellee's motion for summary judgment. Appellants filed this timely appeal and assign two errors for our review:
 {¶ 3} "[1.] The Trial Court erred as a matter of law by granting Defendant Crestwood Local School District's Motion for Summary Judgment, as there exist genuine issues of material fact precluding the entry of summary judgment in favor of Defendant-Appellee Crestwood Local School District.
 {¶ 4} "[2.] The Trial Court erred as a matter of law by not ruling that the `minor or trivial defect' doctrine has been supplanted by the adoption of comparative negligence in Ohio."
 {¶ 5} We shall address appellants' second assignment of error first because it directly assails the legal basis of the trial court's ruling. Specifically, the trial court held that there was no genuine issue of material fact as to whether appellee had an obligation to remove the defects from the sidewalk because they were "minor or trivial." In order to establish actionable negligence, a plaintiff must show the following: (1) the existence of a duty, (2) a breach of a duty, and (3) an injury proximately resulting therefrom. Texler v. D.O. Summers Cleaners and ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680. In essence, the, "existence of a duty is fundamental to establishing actionable negligence." Jeffersv. Olexo (1989), 43 Ohio St.3d 140, 142. In the absence of a duty or obligation of care, there can be no negligence. Id.
 {¶ 6} Appellants contend "[w]ith the advent of comparative negligence in Ohio, there is a movement to abandon the traditional `open and obvious' doctrine." However, the Supreme Court of Ohio's recent decision in Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, belies appellants' contention. In Armstrong, the Supreme Court upheld the open and obvious doctrine in light of Ohio's adoption of comparative negligence. Fundamentally, the court held that the doctrines can coherently coexist because each addresses a separate element of negligence.
 {¶ 7} To wit, the open and obvious doctrine states, "that a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious." Id. at ¶ 5, citing Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Alternatively, comparative fault is a defense that operates to distribute legal culpability in relation to each party's proportional responsibility. As such, the comparative fault analysis is relevant to the proximate cause prong of a negligence cause of action.
 {¶ 8} The concept of a "minor or trivial defect" is a logical corollary to the open and obvious doctrine. Specifically, the open and obvious doctrine stems from the landowner's duty to persons injured on his or her property. Armstrong, supra, at ¶ 11. Likewise, the notion of a minor or trivial defect speaks directly to whether the alleged defects are sufficient to open the door to a legal obligation.
 {¶ 9} By suggesting that the "minor or trivial defect" doctrine has been supplanted by the doctrine of comparative negligence, appellants fail to recognize the distinction between duty and proximate cause. In its discussion validating the open and obvious doctrine, the Supreme Court noted: "`The * * * characterization of the open and obvious doctrine as a defense that should be submitted to the jury as part of the comparison of the relative fault of the parties overlooks the simple truism that where there is no duty there is no liability, and therefore no fault to be compared.'" Id. at ¶ 11, quoting Bucherles v. ChicagoPark Dist. (1996), 171 Ill.2d 435, 447. As such, the fault or causation prong of negligence is a nullity without an initial duty on which a plaintiff might predicate liability.
 {¶ 10} In the current matter, an inquiry into whether the defect was "minor or trivial" was necessary to establish the threshold issue of duty. The court determined, as a matter of law, appellee was not legally obligated to protect appellant from the defects it deemed "minor or trivial." Where appellee owed appellant no duty, any analysis of fault or causation was unnecessary. By focusing on the duty prong of negligence, the "minor or trivial defect" doctrine properly considers the dangerous condition itself, as opposed to the nature of appellant's conduct in approaching it. Therefore, by extension of the rule in Armstrong, the doctrine of comparative negligence has not supplanted the doctrine of "minor or trivial defect." Hence, appellants' second assignment of error has no merit.
 {¶ 11} Notwithstanding the above conclusion, appellants claim, in their first assignment, that there are material issues of fact as to whether the attendant circumstances surrounding her fall rendered the defects substantial so as to impose a legal duty on appellee. The attendant circumstances of which appellants complain are the poor lighting and the similarity between the color of the rock on which she slipped and the color of the sidewalk. Taken in conjunction, appellants conclude these circumstances are sufficient to create an issue of fact with respect to the issue of duty. We disagree.
 {¶ 12} Civ. R. 56(C) provides that before summary judgment may be granted, the court must determine that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Osborne v.Lyles (1992), 63 Ohio St.3d 326, 327.
 {¶ 13} The duty owed to business invitees is that of ordinary, reasonable care, including maintaining premises in a reasonably safe condition and warning invitees of latent defects of which the owner should have knowledge. Stockhauser v. Archdiocese of Cincinnati (1994),97 Ohio App.3d 29, 32. Appellants claim that although the trial court found the defects "minor or trivial" the attendant circumstances surrounding the fall make the defects "substantial" so as to render the walkway not reasonably safe. In support appellants cite Goldshot v.Romano's Macaroni Grill, 2d Dist. No. 19023, 2002-Ohio-2159.
 {¶ 14} In Goldshot, the plaintiff testified that poor lighting, coupled with the color of the sidewalk prevented her from seeing a raised portion of the walkway causing her to sustain injury. Moreover, the court heard evidence regarding the occurrence of other accidents in the exact same spot. From this, the Second District Court of Appeals concluded that the attendant circumstances enhanced the risk of injury and thus appellant's injury, "was a reasonably foreseeable consequence of the defect." Id. at ¶ 41. Although it is unclear what factors most influenced the Second District's decision, one salient factor was the land owner's employee's admission that others had injured themselves in the same location.
 {¶ 15} The current case is distinguishable from Goldshot because there is no evidence of past injuries occurring at or on the sidewalk where appellant was injured. Nonetheless, we must inspect the attendant circumstances of appellant's injury to determine whether they rendered the defects in question substantial. "What may be an attendant circumstance such as to contribute to make a minor defect a dangerous condition defies precise definition. * * * All the circumstance — good or bad must be considered." France v. Parliament Park Townhomes
(Apr. 27, 1994), 2d Dist. No. 14264, 1994 Ohio App. LEXIS 1793 at 6. To render a minor defect substantial, attendant circumstances must not only be present, but must create a greater than ordinary, and thus substantial, risk of injury. Stockhauser, supra, at 33, citing Turner v.Burndale Gardens Co. (Dec. 18, 1991), 2d Dist. No. 12807, 1991 Ohio App. LEXIS 6118. The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. France, supra; Turner, supra. The totality of the circumstances of each case must be examined to determine if, as a whole, they create a substantial defect. Stockhauser, supra, at 34.
 {¶ 16} In Ohio, a property owner is under no affirmative duty to light walkways and public parking areas outside their buildings to accommodate invitees. Hake v. Delpine, 11th Dist. No. 2002-T-0010, 2003-Ohio-1591, at ¶ 14, citing, Jeswald v. Hutt (1968),15 Ohio St.2d 244, paragraph one of the syllabus. Moreover, even where the owner does provide lighting, there is no requirement that the lighting be adequate. Meilnik v. AAA Northwest Ohio (Dec. 4, 1998), 6th Dist. No. L-98-1139, at 2. In sum, darkness is always a warning of danger. Jeswald v. Hutt (1968), 15 Ohio St.2d 224, paragraph three of the syllabus. Thus, even if insufficient lighting contributed to appellant's fall, appellee was under no duty to provide the light necessary to adequately illuminate the walkway.
 {¶ 17} However, appellants state that the gravel on the sidewalk was "concealed" due to the darkness as well as its color. These claims notwithstanding, appellant stated in her deposition that she had trodden the path on which she fell in the past. Moreover, when asked whether she had noticed the rocks from the adjacent gravel walkway on the sidewalk in the past, she responded: "I think they were there, but I just never paid that much attention to them * * *."
 {¶ 18} Where a sidewalk abuts a gravel pathway, a few pieces of gravel on the concrete are foreseeable. Jones v. H T Enterprises
(1993), 88 Ohio App.3d 384, 389. Moreover, the presence of gravel on the walkway does not render it unreasonably dangerous. Id. See, also,Maculaitis v. Family Dollar Stores (Oct. 28, 1997), 5th Dist. No. 97AP040026, 1997 Ohio App. LEXIS 5020. As such, the gravel can be legitimately construed a "minor imperfection." See Svetlic v. Twin ValuStores, Inc. (Feb. 2, 1995), 8th Dist. No. 66835, 1995 Ohio App. LEXIS 346 at ¶ 10. A minor imperfection which is not unreasonably dangerous and is commonly encountered and expected cannot create liability.Maculaitis, supra, at 6.
 {¶ 19} Here, appellant realized it was dark and admitted to having some notice of the gravel, but chose "not to pay attention" to the defect. Under the circumstances, the gravel in conjunction with the lack of light did not create a greater than ordinary and therefore substantial risk of injury. We agree with the trial court that the defects in the sidewalk were "minor or trivial" even when placed in relation to the attendant circumstances identified by appellants. Therefore, appellants' first assignment of error is overruled.
 {¶ 20} For the aforementioned reasons, appellants' assignments of error lack merit and the judgment of the Portage County Court of Common Pleas is affirmed.
Judgment affirmed.
Donald R. Ford, P.J., concurs.
William M. O'Neill, J., dissents with dissenting opinion.