OPINION
{¶ 1} This accelerated calendar appeal arises from the Trumbull County Court of Common Pleas, wherein the court entered summary judgment in favor of appellees, National City Corporation, d.b.a. National City Bank (hereafter referred to as "the Bank"), and Alex Downie Sons Co. ("Downie").
 {¶ 2} The following facts are derived from the record and are generally not disputed. On May 31, 2000, appellant, Adriana Tomlin, went to the National City Bank branch located on Youngstown Road in Niles, Ohio, in order to pay her utility bills. Appellant observed, upon entering the Bank, renovations had been underway and certain portions of the Bank, including the lobby and vestibule, were in the process of being renovated. The renovations were being performed during open banking hours.
 {¶ 3} The renovations included the removal of floor tile. Certain areas were still covered with the original flooring, while in other areas the tile was removed, leaving the underfloor exposed. There was a difference in elevation between the tiled areas and the underfloor. In order to create a smoother transition between the tiled areas and the exposed underfloor, carpet runners were placed over the transition area by Downie, the independent contractor performing the renovations.
 {¶ 4} When appellant entered the Bank, only one teller window was open to customers. As appellant waited in line, a second teller window was opened. Appellant was motioned over to the second window by the teller and proceeded to step in the direction of the second window. As this occurred, appellant lost her balance and fell to the ground. She sustained injuries to her right ankle, head, left arm, and lower back.
 {¶ 5} On May 15, 2002, appellant filed a personal injury complaint against the Bank and Downie, as a result of her slip and fall accident. On August 22, 2003, Downie filed a motion for summary judgment, contending that the defect, as alleged, was trivial and, thus, insubstantial as a matter of law, negating any duty owed to appellant by Downie.
 {¶ 6} On August 27, 2003, the Bank filed a motion for summary judgment, also contending the alleged defect was trivial and, thus, insubstantial as a matter of law, negating any duty owed to appellant under the circumstances. The Bank further asserted appellant had failed to offer any evidence demonstrating that the Bank either created the defect or had any actual or constructive knowledge of the defect.
 {¶ 7} On September 11, 2003, appellant filed her memorandum in opposition. The Bank subsequently filed a reply brief on September 19, 2003. In a cursory judgment entry dated October 20, 2003, the trial court entered summary judgment in favor of both defendants. Appellant subsequently filed this timely appeal. She presents two assignments of error on appeal. The first assignment of error is:
 {¶ 8} "The trial court erred to the prejudice of Plaintiff-Appellant in sustaining the motion for summary judgment filed by Defendant-Appellee National City Corporation."
 {¶ 9} The standard for addressing a motion for summary judgment is set forth in Civ.R. 56(C). In order to prevail, the moving party must establish that: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmovant.[1] "An appellate court applies a de novo
standard of review when determining whether a trial court properly granted summary judgment."[2]
 {¶ 10} The trial court's abbreviated judgment entry provides little guidance as to what theory it relied upon in entering summary judgment in favor of appellees. However, it is well-settled in Ohio that, as a business invitee, appellant was owed a duty by the Bank to maintain the premises in a reasonably safe condition and to warn her of unreasonably dangerous latent conditions.[3] A store owner's liability for failure to protect a patron from injury occurring on the premises relies upon the store owner's superior knowledge of the specific condition.[4] Where the defect is open and obvious, the store owner owes a business invitee no duty.[5] An open and obvious danger is itself a warning and the store owner "may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."[6]
 {¶ 11} In the instant case, appellant argues the defect in the floor was hidden and that appellees had "superior knowledge" that the defect existed and, thus, had a duty to warn of the defect and failed to do so. Appellees contend that the defect was so minor or trivial as a matter of law as to negate any duty on behalf of appellees to appellant.
 {¶ 12} Beginning with its decision in Kimball v.Cincinnati, the Supreme Court of Ohio held that slight defects in a public sidewalk do not constitute sufficient grounds upon which to impose liability on a municipality.[7] The court later extended the Kimball rule to privately owned premises.[8] In Helms, the court held that no liability would be incurred to the owner or occupier of private premises for minor imperfections that are commonly encountered and are not unreasonably dangerous.[9] As the case law evolved, so did the development of what was known as the "two-inch rule." In those cases, it was held that a difference in elevation of two inches or less was insubstantial as a matter of law and did not present a jury question on the issue of negligence.[10]
 {¶ 13} In Cash v. Cincinnati the Supreme Court of Ohio clarified the "two-inch rule," stating that courts must also consider any attendant circumstances in determining whether liability exists for trivial defects.[11] In other words, the holding in Cash established a rebuttable presumption that a height difference of two inches or less is insubstantial as a matter of law and that the presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial.[12]
 {¶ 14} Attendant circumstances have been defined as "`any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.'"[13]
 {¶ 15} In the case sub judice, appellant does not address the trivial imperfection doctrine or set forth any attendant circumstances to rebut the presumption but, rather, argues that the difference in elevation was hidden by the carpet and, because the defect was hidden, the Bank had a duty to warn her of the defect regardless of its size. Appellees contend the evidence demonstrates that the defect was less than two inches in size and, thus, appellant must rebut the presumption of it being insubstantial as a matter of law through establishing attendant circumstances.
 {¶ 16} This case differs from the trivial imperfection line of cases in that the defect itself was hidden. In her deposition testimony, appellant stated that she thought the elevation difference between the tiled floor and the underfloor "wasn't all that much." When questioned whether she thought it was an inch she responded it "could be." She also testified that she could feel a difference in elevation underneath her feet as she stood on the carpet and that she did not trip on anything but lost her balance at the area where the floor elevation differed.
 {¶ 17} Georgeann Cornicelli, the Bank branch manager who was working on the day of the incident, testified at her deposition that there was "a slight variation" in the height of the tiled floor and the underfloor. She stated she thought it was "a quarter inch" without the carpet over it and "less than that" once Downie laid the carpet over it. Cornicelli also testified that the Bank had posted four or five signs around the Bank that day alerting customers of the renovations.
 {¶ 18} Alex Downie, the independent contractor working on the flooring, testified in his deposition that the height of the tile was "three-eighths to half an inch." He also testified that he and his workers typically placed a carpet runner over the flooring in these instances to create a smoother transition between the tile and underfloor.
 {¶ 19} The parties do not dispute the defect was ultimately one inch or less in height. Thus, appellant was required to show attendant circumstances creating a genuine issue of fact material to the appellees' negligence, in order to avoid summary judgment. The only attendant circumstance alluded to by appellant is the fact that the carpet was placed over the defect, hiding it from view.
 {¶ 20} This court has previously held:
 {¶ 21} "To render a minor defect substantial, attendant circumstances must not only be present, but must create a greater than ordinary, and thus substantial, risk of injury.[14]
The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall.[15] The totality of the circumstances of each case must be examined to determine if, as a whole, they create a substantial defect."[16], [17]
 {¶ 22} In determining the existence of attendant circumstances, courts have held that dim lighting alone was not sufficient to rise to the level of an attendant circumstance.[18] As acknowledged by the Second District inRussell v. Creatif' Catering, Inc., if such were the case, liability could be extended to every homeowner or business owner for anyone who walks on their property at night.[19] Thus, poor visibility due to dim lighting is insufficient, by itself, to rebut the presumption of an insubstantial defect.
 {¶ 23} Similarly, appellant's contention that the carpet runner over the flooring created a hidden defect, which created a duty on behalf of the Bank toward appellant, is not supported by her deposition testimony. Appellant testified that the difference in elevation "wasn't that much" and, when prompted, it "could be" an inch. Appellant also acknowledged that she could feel the difference in flooring under the carpet before she fell, demonstrating that she was aware of its existence. Moreover, the carpet runner was placed in order to lessen the risk of any injuries to Bank patrons. Thus, appellant has not demonstrated that the existence of the carpet runner over the flooring, placed as an additional safety measure, rises to the level of an attendant circumstance, thereby creating a substantial defect. Moreover, to punish the Bank and independent contractor for taking measures to ensure customer safety runs counter to public policy.
 {¶ 24} Therefore, based on the foregoing, we conclude the defect in the instant case was insubstantial as a matter of law and the trial court did not err in granting summary judgment in favor of the Bank.
 {¶ 25} Appellant's first assignment of error is without merit.
 {¶ 26} The second assignment of error is:
 {¶ 27} "The trial court erred to the prejudice of Plaintiff-Appellant in sustaining the motion for summary judgment filed by Defendant-Appellee Alex Downie, Jr. and Sons Company."
 {¶ 28} Appellee Downie was performing the interior renovations at the Bank. The parties do not dispute that Downie was employed as an independent contractor. Unlike the Bank's duty pursuant to the open and obvious doctrine, Downie, as an independent contractor, has no property interest in the premises and was conducting activity on the premises with the consent of the owner. Therefore, as an independent contractor, Downie is not relieved of liability under the open and obvious doctrine.[20] In other words, the open and obvious doctrine that relieves an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property does not apply to an independent contractor who creates a dangerous condition on the property.[21]
 {¶ 29} An independent contractor owes a general duty of care towards a business invitee.[22] In other words, Downie had a duty to warn appellant of any foreseeable risks of harm that Downie created on the premises. An "[i]njury is foreseeable if a defendant knew or should have known that its act was likely to result in harm."[23]
 {¶ 30} In the instant case, Downie testified that he generally places carpet runners over transitional areas of flooring in order to minimize the gradation difference. Thus, as a safety measure, the carpet runner was placed over the area where the tile met the underfloor.
 {¶ 31} We have concluded under the first assignment of error that the record does not support a finding that the flooring defect presented a foreseeable risk of harm as it was, as a matter of law, trivial and insubstantial. Therefore, because the harm was insubstantial and not foreseeable, Downie did not breach its general duty of care toward appellant and the trial court did not err in entering summary judgment in favor of Downie.
 {¶ 32} Appellant's second assignment of error is without merit.
 {¶ 33} Based on the foregoing, appellant's assignments of error are without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Ford, P.J., Rice, J., concur.
[1] Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc.
(1993), 67 Ohio St.3d 266, 268.
[2] Burkholder v. Straughn (June 26, 1998), 11th Dist. No. 97-T-0146, 1998 Ohio App. LEXIS 2895, at *6.
[3] Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203.
[4] Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, 40.
[5] Paschal, at 203.
[6] Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,644.
[7] Kimball v. Cincinnati (1953), 160 Ohio St. 370.
[8] Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60, syllabus.
[9] Id.
[10] See Armstrong v. Ohio Fuel Gas Co. (1967),13 Ohio App.2d 35.
[11] Cash v. Cincinnati (1981), 66 Ohio St.2d 319, paragraph two of the syllabus.
[12] Id; Stockhauser v. Archdiocese of Cincinnati (1994),97 Ohio App.3d 29, 32-33.
[13] Stockhauser, at 33, quoting France v. Parliament ParkTownhomes (Apr. 27, 1994), 2d Dist. No. 14264, 1994 Ohio App. LEXIS 1793.
[14] Stockhauser, 97 Ohio App.3d at 33.
[15] France v. Parliament Park Townhomes, supra, at *6;Turner v. Burndale Gardens Co. (Dec. 18, 1991), 2d Dist. No. CA-12807, 1991 Ohio App. LEXIS 6118.
[16] Stockhauser, at 34.
[17] Hawkins v. Crestwood Local Sch. Dist., 11th Dist. No. 2002-P-0038, 2003-Ohio-6747, at ¶ 15.
[18] Id.; Russell v. Creatif' Catering, Inc. (Dec. 4, 1998), 2d Dist. No. 17031, 1998 Ohio App. LEXIS 5737; Neuhauser v.Jarusiewic (Jan. 15, 1998), 2d Dist. No. 97-CA-42, 1998 Ohio App. LEXIS 107; Henry v. Marriott Hotel Servs., 2d Dist. No. 19653, 2003-Ohio-4840.
[19] Russell, at *9.
[20] Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642, syllabus.
[21] Id.
[22] Id. at 646.
[23] (Citation omitted.) Huston v. Konieczny (1990),52 Ohio St.3d 214, 217.