JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Carol Willen, appeals from the order of the trial court, which granted summary judgment in favor of Meadowbrook Market Square Shopping Center and Goudreau Management (collectively referred to as "Goudreau Management" or "appellees") regarding a trip-and-fall negligence action. After reviewing the record and for the reasons stated below, we affirm the decision of the trial court. The following facts gave rise to this action:
 {¶ 2} On December 16, 2000, Willen went to the Meadowbrook Market Square Shopping Center to have her hair trimmed at Best Cuts. Willen claims she had never been to the shopping center before and was unfamiliar with the shopping center's layout. After getting her hair cut, she proceeded to walk along the sidewalk toward the Target store located at the opposite side of the shopping center. While looking for the entrance to the Target store, Willen tripped and fell on an elevated section of ornamental bricks that had been laid into the concrete of the sidewalk. At the time of Willen's fall, it was approximately 5:00 p.m., and the weather was cold, clear, and dry.
 {¶ 3} The Meadowbrook Shopping Center is owned and operated by Goudreau Management. In front of the stores throughout the shopping center, there is a partially covered concrete sidewalk separated by rectangular sections of ornamental inlaid bricks; each section measures approximately six feet wide by fifteen feet long. Some borders of the brickwork are mortared to the surrounding concrete in order to make them level with the concrete. In the spot where Willen tripped, the brick was not mortared to the surrounding concrete along the entire six foot seam where she fell, and the surface of the bricks was raised three-quarters of an inch above the level of the concrete.
 {¶ 4} As a result of her fall, Willen complains she suffered permanent injuries to her neck, head, and shoulders. Willen claims the injuries she sustained caused her to enroll in a chronic pain management program and commence physical therapy. Willen further claims that because of the fall, she now suffers from tinnitus, a permanent "ringing" sound in her ears.
 {¶ 5} On July 12, 2002, Willen filed a negligence action against Goudreau Management. The complaint was voluntarily dismissed and refiled on July 3, 2003. In her new complaint, Willen alleged her previous claims against Goudreau Management and added an additional and separate negligence claim against Edith Krasnik in regard to a motor vehicle accident that had occurred a year after the trip-and-fall incident. Willen alleged that the motor vehicle accident was caused by Krasnik, and the accident exacerbated the injuries she previously sustained when she fell at Meadowbrook Shopping Center.
 {¶ 6} On September 30, 2003, after discovery had been completed, Goudreau Management filed a motion for summary judgment. On January 30, 2004, Willen filed a brief in opposition to Goudreau's motion for summary judgment. On May 20, 2004, Goudreau's motion was granted by the trial court without opinion. On May 28, 2004, Willen voluntarily dismissed her claim against Edith Krasnik.
 {¶ 7} Carol Willen ("appellant") brings this timely appeal presenting one assignment of error for review: "The lower court erred in granting summary judgment to the defendant appellees by finding that the place where appellant tripped and fell was either insubstantial or an open and obvious danger as a matter of law."
 {¶ 8} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 9} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,604 N.E.2d 138.
 {¶ 10} In Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record whichdemonstrate the absence of a genuine issue of fact or material element ofthe nonmoving party's claim." Id. at 296 (emphasis added). The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 11} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saundersv. McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v.Leadworks Corp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 12} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O.Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680. Whether a duty exists is a question of law for the court to determine.Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. Jeffers v. Olexo (1989), 43 Ohio St.3d 140,142. If no duty exists, the legal analysis ends and no further inquiry is necessary. Gedeon v. East Ohio Gas. Co. (1934), 128 Ohio St. 335, 338.
 {¶ 13} An owner or occupier of the premises ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. A premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows or has reason to know of hidden dangers. Rogers v. Sears (June 28, 2002), Hamilton App. No. C-010717.
 {¶ 14} Where a hazard is not hidden from view, or concealed, and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against the claimant. Parsons v. LawsonCo. (1989), 57 Ohio App.3d 49.
 {¶ 15} The Supreme Court of Ohio has held that slight defects and minor variations in public sidewalks do not constitute sufficient grounds upon which to impose liability on a municipality. Kimball v. Cincinnati
(1953), 160 Ohio St. 370, 116 N.E.2d 708. The court later extended this rule to privately owned premises. Helms v. American Legion, Inc. (1966),5 Ohio St.2d 60, 213 N.E.2d 734, syllabus. In Helms, the court held that no liability would be incurred to the owner or occupier of private premises for minor imperfections that are commonly encountered and are not unreasonably dangerous. Id.
 {¶ 16} As "trip-and-fall" case law continued to evolve, some courts developed a rule that if the difference in elevation between adjoining portions of a sidewalk or walkway is "twoinches" or less in height, the difference is considered insubstantial as a matter of law and does not present a jury question on the issue of negligence. See Armstrong v. OhioFuel Gas Co. (1967), 13 Ohio App.2d 35, 233 N.E.2d 610. Later, in Cashv. Cincinnati (1981), 66 Ohio St.2d 319, 421 N.E.2d 1275, paragraph two of the syllabus, the Ohio Supreme Court clarified the "two-inch" rule stating that courts must also consider any attendant circumstances in determining liability for defects in a walkway. Id. Appellant makes much of this "two-inch" rule in her brief to this court; however, the emphasis placed on this language is misconstrued by appellant and does not weigh as heavily on this court as the appellant implies. Ultimately, our analysis centers on whether the defect at bar was insubstantial as a matter of law to negate liability and, if so, whether attendant circumstances caused the minor defect to become substantial enough to defeat summary judgment.
 {¶ 17} Attendant circumstances have been defined as "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at that time." Stockhauser, at 33, quoting France v. ParliamentPark Townhomes (Apr. 27, 1994), Montgomery App. No. 14264. In order to render a minor defect substantial, attendant circumstances must not only be present, but must create a greater than ordinary risk of injury. Id. The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. The totality of the circumstances of each case must be examined to determine whether, as a whole, they create a substantial defect. See Henry v. Dollar Gen. Store, Greene App. No. 2002-CA-47, 2003-Ohio-206, ¶ 14, citing Walters v. City of Eaton, Preble App. No. CA2001-06-012, 2002-Ohio-1338.
 {¶ 18} Attendant circumstances may include the condition of the sidewalk as a whole, the volume of pedestrian traffic, the visibility of the defect, and whether the accident site was such that one's attention could easily be diverted. Hughes v. Kozak (Feb. 22, 1996), Cuyahoga App. No. 69007. Also, if a premises owner knows of a condition enhancing the risk of a fall, beyond the control of the injured party, then an attendant circumstance may exist that requires the owner to repair the defect or be held liable for those injuries occurring because of it.Backus v. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155, 684 N.E.2d 1273. The attendant circumstances must be such that a reasonable trier of fact could find that the defect was substantial and unreasonably dangerous in order to prevent summary judgment for the defendants. Shainker v. City ofCleveland (Mar. 2, 1989), Cuyahoga App. No. 55083.
 {¶ 19} In her sole assignment of error, the appellant claims the trial court erred by granting summary judgment in favor of the appellees for two reasons. She first argues against the "two-inch" rule that the trial court relied on in granting summary judgment However, we find the appellant's contentions concerning this rule are irrelevant. Our affirmation of the trial court's decision does not solely rest upon the fact that the elevation involved in the sidewalk imperfection was less than two inches. Rather, we affirm the trial court because, after reviewing all the evidence presented, we find there are no issues of material fact that remain for trial.
 {¶ 20} Photographs of the area where the appellant fell indicate that the deviation between the inlayed brick and the concrete sidewalk was approximately three-fourths of an inch in height. The actual imperfection is extremely difficult to see in the photographs. At best, the minute change in elevation constitutes a "minor deviation," as described inKimball. Supra, pg. 7. This, along with other evidence, effectively demonstrates that the minor imperfection was insubstantial as a matter of law. Therefore, appellant's contentions rest upon attendant circumstances. The crucial issue is whether the trial court properly found no genuine issue of material fact as to the existence of attendant circumstances. However, a careful review of the record before us shows that the appellant has failed to produce evidence of attendant circumstances to support her claim that the deviation should be considered "substantial."
 {¶ 21} The appellant testified that the weather was cold, clear, and dry when she fell. She stated in her deposition that it was starting to get dark outside, but she did not complain about the shopping center's lighting, nor did she claim that she could not properly see. The appellant did not offer any evidence or testimony that she was distracted by any vehicular or pedestrian traffic, although on appeal she makes an objective observation that she could have been, given the fact that there were store windows, other pedestrians, and vehicle traffic to distract her from seeing the deviation. When asked by opposing counsel where she was looking when she tripped, the appellant replied, "Ahead of me. * * * I had not been there before, like I said, and I was looking to see that Target and where's the entrance to the Target. And I was looking west."
 {¶ 22} After reviewing the appellant's affidavit, her complaint, the interrogatories, and the appellant's partial deposition attached to the defendant's motion for summary judgment, we find the appellant failed to present testimony to support her contention that attendant circumstances diverted her attention, enhanced the danger of the deviation or contributed to her fall. Based on this lack of evidence, we conclude that the trial court was correct in finding no genuine issue of material fact as to the existence of attendant circumstances to cure the proper ruling that the walkway defect was insubstantial as a matter of law.
 {¶ 23} Next, the appellant contends that the trial court's ruling was incorrect in the instant matter because the deviation is a hazard that the appellees knew about and allowed to exist. The appellant argues that the appellees failed to properly finish the brick inlay and/or failed to correct the deviation they knew or should have known existed.
 {¶ 24} For a business invitee to recover in a "trip-andfall" negligence action against the owner of the premises, the plaintiff must show: (1) that the defendant through its officers or employees was responsible for the hazard complained of; or (2) that at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) that such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care. Johnson v. Wagner Provision Co.
(1943), 141 Ohio St. 584, 589, 49 N.E.2d 925.
 {¶ 25} The record indicates that the ornamental inlayed brickwork was completed between November 1994 and March 1995, five-and-one-half years prior to the appellant's fall. The appellant has failed to present evidence that the deviation existed at the time of construction and failed to produce evidence as to when the deviation might have occurred or how long it has existed. Furthermore, the appellant failed to show if the appellees were aware that the deviation existed. An inference of negligence cannot arise from a mere guess, speculation, or wishful thinking. Parras v. Standard Oil Co. (1953), 160 Ohio St. 315,116 N.E.2d 300; therefore, the appellant's sole assignment of error is hereby overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Karpinski, J., concur.